UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY THOMAS ALEXANDER,

    Plaintiff,                               CIVIL ACTION NO. 14-12437

  v.                                    DISTRICT JUDGE BERNARD FRIEDMAN
                                         MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

    **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment should be **DENIED**, and that of Defendant **GRANTED**, as there is substantial evidence on the record that claimant retained the residual functional capacity for a reduced range of sedentary work.

**II.    REPORT**

    **A.    Introduction and Procedural History**

    Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits on June 5, 2013, alleging that he had become disabled and unable to work on August 22, 2012, at age 39, due to status post testicular

cancer, status post renal failure, sleep apnea and depression. Benefits were initially denied by the Social Security Administration. A requested de novo hearing was held on February 5, 2014, before Administrative Law Judge (ALJ) Regina Sobrino. The ALJ found that the claimant retained the residual functional capacity to perform a reduced range of sedentary work. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment, and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 41 years old at the time of the administrative hearing (TR 53). He had been graduated from high school and had been employed during the relevant past as a tool and die maker (TR 54). Claimant alleged disability commencing in August 2012, as a result of residual pain stemming from a history of testicular cancer and renal failure (TR 55). Pain medications have allegedly proven ineffective (TR 69). As a result of chronic pain, Plaintiff has a history of panic attacks, depression and suicidal behavior (TR 64, 591-592). Claimant testified that he lives day to day not knowing if he was going to commit suicide or not (TR 66).

A Vocational Expert, Stephanee Leech, classified Plaintiff's past iron work as heavy, skilled activity (TR 77). The witness testified that there were no jobs for claimant to perform if his testimony were fully accepted[1] (TR 80). If he were capable of sedentary work,

---

[1] The witness opined that, if claimant needed to miss at least one day of work each month due to ongoing pain, all work activity would be precluded (TR 80).

2

however, there were numerous unskilled bench assembly, office clerk, packaging and inspection jobs that he could perform with minimal vocational adjustment (TR 79). These jobs provided a sit-stand option, and did not require operating foot controls. There would be occasional need to push, pull, balance, stoop, kneel and crouch, but no requirement to climb ladders, ropes or scaffolds. There would be no exposure to excessive vibrations, work place hazzards, moving machinery or unprotected heights. The work was considered simple, and involved only routine decision making. There would only be superficial interaction with the public or co-workers (TR 78).

### B. ALJ Findings

The Administrative Law Judge found that Plaintiff was impaired as result of status post testicular cancer and renal failure with residual pain, obstructive sleep apnea and depression, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's residual pain and emotional difficulties limited him to jobs that allowed a sit-stand option and did not expose him to work place hazards or excessive vibrations. He was further limited to simple, routine and repetitive tasks in an environment free of fast-paced production requirements. Claimant could have only occasional interaction with the public and co-workers. Nevertheless, the ALJ found that the claimant retained the residual functional capacity to perform a significant number of sedentary jobs, as identified by the Vocational Expert (TR 33-42).

**C.     Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

**D.     Discussion and Analysis**

After review of the record, I suggest that there is substantial evidence in the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional

4

capacity for a restricted range of sedentary work. Contrary to Plaintiff's assertion, the medical evidence does not support his allegation of totally disabling pain and emotional difficulties. The ALJ's decision is consistent with the specific limitations imposed by examining physicians.

A review of the medical evidence reveals that Plaintiff appeared to be well nourished, pleasant, fully oriented, and in no acute distress during an August 2012, evaluation performed by his treating physician (TR 512). Dr. Hatem Ataya reported that the curvature of claimant's spine was normal, and he did not experience any neurological deficits (TR 512). Two months later, Plaintiff told his doctor that he was experiencing excessive pain, but a physical examination was considered to be within normal limits (TR 517-518). Claimant reportedly walked with a normal gait, and enjoyed good strength, coordination, reflexes and sensation (TR 437). While Plaintiff asserted that he needed an ambulatory aide in order to move about, a physical evaluation performed by Dr. Ataya in August 2013, found back tenderness that did not cause acute distress (TR 581-582). The treating doctor stated that claimant had a full range of neck motion, normal strength, good breath sounds and standard coordination[2] (TR 570).

---

[2]Dr. Ataya had earlier opined in June 2012, that claimant was incapable of performing even sedentary work (TR 412-413). That opinion was first considered in connection with Plaintiff's prior claim for disability benefits, which was adjudicated on August 21, 2012 (TR 148). The ALJ for the prior claim explained that he gave the opinion little weight because Dr. Ataya's conclusions and functional restrictions were "inconsistent with his own overall evaluations and treatment history." (TR 148). ALJ Sobrino stated that she also considered Dr. Ataya's June 2012, opinion, but gave it no weight because it fell within the period that had been previously adjudicated (TR 40-41).

5

As far as claimant's emotional difficulties are concerned, the clinical evidence of record demonstrates that his depression and periodic panic attacks were not disabling. The ALJ relied on the medical opinions of two mental health specialists, Drs. Ashol Kaul and Carrie Gleason, who concluded that the claimant retained the ability to perform substantial gainful activity. This was based on the fact that Plaintiff's speech remained coherent, and his mental activity was found to be both spontaneous and organized. There was no evidence of tangentiality, loose associations or fragmented thoughts. Claimant's overall behavior was not considered odd, bizarre or unusual in presentation (TR 549-550).

According to claimant's wife, the psycho-therapeutic medications successfully stabilized his emotional difficulties without causing any serious adverse side effects (TR 343). Contrary to Plaintiff's assertion that there was no discussion of his mental limitations "in terms of work-related functions", the ALJ specifically ruled out assembly line work since it required complex work-related decisions and frequent workplace changes (TR 36). Moreover, the ALJ further limited claimant to simple, routine and repetitive tasks in an environment free of fast-paced production requirements. Claimant could have only occasional interaction with the public and co-workers (TR 36). While Plaintiff contends that the ALJ should have found greater mental limitations, he does not provide any evidence to support his argument.

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his impairment.

6

The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with his known physical and mental functional limitations, the Vocational Expert testified that there were numerous unskilled bench assembly, office clerk, packaging and inspection jobs that he could perform with minimal vocational adjustment (TR 79). These jobs provided a sit-stand option, and did not require operating foot controls. There would only be an occasional need to push, pull, balance, stoop, kneel and crouch, but no requirement to climb ladders, ropes or scaffolds. There would be no exposure to excessive vibrations, work place hazzards, moving machinery or unprotected heights. The work was considered simple, and involved only routine decision making. There would only be superficial interaction with the public or co-workers (TR 78). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy

hereof as provided in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ Charles E Binder
CHARLES E. BINDER
Dated: September 15, 2015    United States Magistrate Judge

8