UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY THOMAS ALEXANDER,

    Plaintiff,                                                 Civil Action No. 14-CV-12437

vs.                                                      HON. BERNARD A. FRIEDMAN

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING FOR FURTHER PROCEEDINGS**

This matter is presently before the Court on cross motions for summary judgment [docket entries 11 and 12]. Magistrate Judge Charles E. Binder has submitted a Report and Recommendation ("R&R") in which he recommends that plaintiff's motion be denied and that defendant's motion be granted. For the reasons stated below, the Court shall reject the R&R and remand the case for further proceedings.[1]

Plaintiff has brought this action under 42 U.S.C. § 405(g) to challenge defendant's final decision denying his applications for Social Security disability insurance benefits and Supplemental Security Income. An Administrative Law Judge ("ALJ") held a hearing in February 2014 and issued a decision denying benefits the next month (Tr. 28-42). This became defendant's final decision in May 2014 when the Appeals Council denied plaintiff's request for review.

---

[1] Ordinarily the Court would not issue a ruling in a Social Security disability case without waiting for the R&R objection period to run. In the present case, this is unnecessary because the errors in the ALJ's decision are so apparent that the Court would reject the R&R whether or not any party objected.

Under § 405(g), the issue is whether the ALJ's decision is supported by substantial evidence, which is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 229 (1938). In making this determination the Court does not review the record de novo, and it may not weigh the evidence or make credibility findings. If supported by substantial evidence, defendant's decision must be upheld even if substantial evidence would have supported a contrary decision and even if the Court may have decided the case differently in the first instance. *See Engebrecht v. Comm'r of Soc. Sec.*, 572 F. App'x 392, 396 (6th Cir. 2014).

At the time of his ALJ hearing, plaintiff was 41 years old. He has a GED and work experience as a tool and die maker. Plaintiff claims he has been disabled since August 2012[2] due to testicular cancer, kidney failure, severe depression, extreme weight loss (Tr. 361), medication side effects, and testicular pain (Tr. 55-74). Plaintiff testified that due to his testicular pain he spends most of his time lying down, that he can sit or stand for 10-20 minutes before having to change position, and that he can walk 15 feet before becoming fatigued and dizzy (Tr. 56-57, 74). Plaintiff came to the hearing with a walker, which he indicated he has been using for three years (Tr. 57) "so I can stand without falling because . . . I get dizzy and I have to use it to stabilize myself" (Tr. 74). He has no driver's license because "I got in a car accident when I was taking these medicines and

---

[2] Plaintiff filed for disability insurance benefits once before. That application, which was filed in October 2011 and claimed a disability onset date of November 1, 2010, was denied by an ALJ on August 21, 2012 (Tr. 140-152) and the Appeals Council denied plaintiff's request for review in January 2013 (Tr. 157-59). In April 2013 plaintiff filed suit, seeking review of that decision, but the Court dismissed the complaint as untimely, as it was filed more than 60 days after plaintiff received the Appeals Council's decision. *See Alexander v. Comm'r of Soc. Sec.*, No. 13-CV-11696 (E.D. Mich. July 20, 2015). The ALJ's August 21, 2012, decision is res judicata for the period of time prior to that date. In the instant applications, plaintiff therefore claims a disability onset date of August 22, 2012 (Tr. 294).

my doctor took my license away from me" (Tr. 60). Plaintiff does no household chores or grocery shopping and he has not "seen hardly anybody" in four years (Tr. 61-62). Plaintiff stated that urination is difficult and painful and that he "go[es] to the bathroom probably about 30 times a day, but I only go maybe a couple drops each time" (Tr. 68). He is also "up probably eight times during the night peeing" (Tr. 71). Plaintiff testified that his various medications cause dizziness, fatigue, loss of concentration, sleepiness, and nausea, that the side effects are constant, and that he "sleep[s] most of the day" as a result (Tr. 69-71). Plaintiff also testified that he has suicidal thoughts and crying spells daily (Tr. 67, 73).

The medical evidence has been summarized somewhat by the ALJ (Tr. 37-40) and it need not be set forth in detail here. In short, the records indicate that one of plaintiff's testicles was surgically removed, apparently because it was cancerous, in 2009 (Tr. 33, 144, 434). In 2010 plaintiff was diagnosed with kidney failure (Tr. 144). His treating physicians, Drs. Hatem Ataya and Angela Schultz, M.D., have diagnosed plaintiff during the relevant time frame with, among other things, hypogonadism, nausea with vomiting, major depression, anemia, testicular cyst, benign prostatic hypertrophy, chronic pain due to trauma, myalgia, radiculopathy, fatigue, anxiety, insomnia, urinary incontinence, and epididymitis (Tr. 433, 435, 437, 439, 442, 446, 447-48, 450-51, 454, 513, 515, 518, 521, 524, 527, 530, 533, 536, 538, 542, 558, 560, 562, 565, 567, 570, 582). On a medical assessment form completed in June 2012, Dr. Ataya indicated that during an eight-hour workday plaintiff could sit for 30 minutes and stand and/or walk for one hour (Tr. 413). A psychologist who examined plaintiff at defendant's request in August 2013 found that his "mental abilities to understand, attend to, remember, and carry out instructions are not impaired" but that his "abilities to respond appropriately to co-workers and supervision and to adapt to change and stress

3

in the workplace are moderately impaired" (Tr. 550).

The ALJ found that plaintiff's severe impairments are "status post testicular cancer with residual pain; status post renal failure; obstructive sleep apnea; and depression" (Tr. 33). The ALJ found that plaintiff cannot perform his past work, but that he has the residual functional capacity ("RFC") to do a limited range of sedentary, unskilled, routine work with a sit/stand option and with various restrictions on such things as pushing, pulling, climbing, and using foot controls. A vocational expert ("VE") testified to the existence nationally of 35,000 bench assembly positions, 75,000 unskilled office clerk positions, 20,000 packer positions, and 12,000 inspector positions that come within the parameters of the ALJ's hypothetical question (Tr. 42, 79, 84). The ALJ cited this testimony as evidence that work exists in significant numbers that plaintiff could perform to support her conclusion that plaintiff is not disabled (Tr. 42).

Having reviewed the administrative record and the parties' briefs, the Court finds that the matter must be remanded for further proceedings because the ALJ failed to make a number of important findings and to incorporate them in her hypothetical question to the VE. Because the hypothetical question failed to describe plaintiff in all relevant respects, the VE's testimony cannot be used to carry defendant's burden of proving the existence of a significant number of jobs plaintiff is capable of performing. In addition, the Court finds that the ALJ improperly failed to consider the opinion of plaintiff's treating physician and that her adverse credibility finding is not supported by substantial evidence.

The first problem with the hypothetical question is that it did not include any findings regarding the side effects of plaintiff's medications. Plaintiff takes or has taken a large number of medications for his many physical and mental impairments including, among others, Xanax,

Methadone, Norco, Promethazine, Percocet, MS Contin, Cymbalta, Chantix, Flomax, Omeprazole, Zithromax, Zofran, Megace, Melatonin, Neurontin, PhosLo, Merinol, Phenergan, Lyrica, Zolpidem, Rena-Vite, Nephro-Vite, and Restoril (Tr. 359, 364, 380, 394, 408, 420, 437, 439, 442, 444, 446, 448, 450, 451, 452, 454, 455, 521, 525, 527, 530, 533, 536, 538, 541, 557-58, 560-62, 564-67, 569-70). Many of these medications have common side effects, including sleepiness/drowsiness, tiredness/fatigue, dizziness, confusion, nausea/vomiting, and trouble with concentration and with sleep. *See* http://www.drugs.com/sfx/[drug name]-side-effects.html. On his Function Report, plaintiff indicated that he suffers from a number of these side effects (Tr. 359). At the hearing plaintiff testified to experiencing the following medication side effects: shaking in his hands, dizziness, drowsiness, shortness of breath, fatigue, tiredness, nausea, and difficulty following conversations (Tr. 57, 60, 69-70).[3] Plaintiff stated that "[t]he medication that I'm on makes me sleepy and nauseated and tired, and so I sleep most of the day" (Tr. 70).

Although the ALJ asked a few cursory questions about medication side effects, she made no findings as to their nature and extent and made no mention of them in her hypothetical question to the VE. In her written decision, the ALJ noted a few of plaintiff's medications (and she did not find that plaintiff is not taking these and the others in the quantities and with the frequency noted in the record) and she acknowledged that plaintiff testified to "side effects described as dizziness, drowsiness, and problems with concentration" (Tr. 37). Without making any specific

---

[3] Plaintiff also testified that he weighs 135 pounds, down from 190 pounds when he was working (Tr. 70), a 30% loss of weight. Weight loss is another common side effect of several of the medications plaintiff has taken. The ALJ made no mention of this obviously significant fact except to note that plaintiff did not meet the Listing of Impairment for renal failure because the evidence does not show "persistent anorexia with weight loss determined by a body mass index of less than 18.0" (Tr. 34).

findings regarding these or other medication side effects, the ALJ appears to have tacitly found that they are either insignificant or nonexistent because "there is no documentation in the treatment records of significantly limiting medication side effects" (Tr. 40).

The ALJ neglected to develop the record as to this medically and vocationally significant issue.[4] The medical records contain many references to plaintiff's consistent complaints about fatigue, as well as low energy, urgent and frequent urination, dizziness, shortness of breath, nausea, weakness, and memory loss (Tr. 419, 422, 424, 426, 429, 432, 434, 436, 438, 441, 443, 447, 449, 453, 511, 513, 514, 517, 520-21, 523-24, 526, 529, 535, 537, 540, 542, 557-62, 564-70). Both the side effects of plaintiff's medications and his excessive napping (which may or may not be a medication side effect) are medically and vocationally significant issues. Clearly, if plaintiff is experiencing any of the common side effects of any of his many medications, or if he needs to lie down or nap daily for hours as he testified, his ability to work could be significantly affected if not ruled out altogether. And, of course, a VE's testimony cannot be used to prove the existence of work plaintiff can perform unless the testimony is given in response to a hypothetical question that "accurately portrays the claimant's physical and mental impairments." *Turner v. Comm'r of Soc. Sec.,* 381 F. App'x 488, 493 (6th Cir. 2010). The Sixth Circuit has specifically held that hypothetical questions to vocational experts must account for medication side effects. *See White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 789-90 (6th Cir. 2009). On remand, the ALJ must (1) determine which medications plaintiff is taking and has taken during the relevant time period, (2)

---

[4] The ALJ is required to evaluate "[t]he type, dosage, effectiveness, and side effects of any medication" as part of the process of determining the extent to which symptoms impair a claimant's capacity to work. *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 532 (6th Cir. 2014) (quoting 20 C.F.R. § 416.929(c)(3)(i)-(vi)).

make findings as to the nature and extent of these medications' side effects and adjust her findings as appropriate regarding plaintiff's RFC, and (3) incorporate these findings in proper hypothetical questions to the VE to determine whether work exists in significant numbers that can be performed by a person such as plaintiff experiencing such side effects. The ALJ must also make findings regarding plaintiff's alleged need to lie down and/or nap daily and, if the need is established, incorporate such findings in the RFC assessment and in proper hypothetical questions to the VE.

Similarly, the ALJ failed to develop the record and to make findings regarding plaintiff's alleged need to urinate frequently and to use a walker. Plaintiff testified that he must use the bathroom 30 times per day (Tr. 68) and the record contains several references to plaintiff's difficulties with urinating (Tr. 341, 419, 422, 426, 429, 432, 511, 561, 566, 569).[5] As noted, plaintiff has been diagnosed with benign prostatic hypertrophy and he has been prescribed Flomax. The ALJ noted plaintiff's testimony (Tr. 37) but she did not indicate any awareness of the related evidence in the record and she made no findings as to whether plaintiff needs to use the bathroom excessively. Plaintiff also testified that he uses as walker (Tr. 57) and the record contains several references to his doing so (Tr. 342, 352, 454, 548, 570). The ALJ noted plaintiff's testimony (Tr. 39) and commented that "the treatment records do not appear to document a physician prescription for any ambulatory aid" (Tr. 40), but again she made no findings as to whether plaintiff must use a walker or whether he could work on a full-time basis without using one. The VE testified that plaintiff could not perform any of the jobs identified in response to the hypothetical question if he needs to use a walker or if he would be "off task" more than 20 percent of the day (Tr. 81). On remand, the

---

[5] Other record entries indicate "no excessive urination" (Tr. 434, 436, 438, 441, 453, 561).

7

ALJ must make specific findings as to how frequently plaintiff must use the bathroom and whether he needs to use a walker and include these findings in her RFC assessment of plaintiff and in her hypothetical questions to the VE.

Another error which must be corrected on remand is the ALJ's failure to consider the opinion of plaintiff's main treating physician, Dr. Ataya. As noted above, Dr. Ataya indicated on a medical assessment form in June 2012 that during an eight-hour workday plaintiff could sit for 30 minutes and stand and/or walk for one hour (Tr. 413), restrictions clearly incompatible with full-time work. The ALJ glibly rejected Dr. Ataya's report "because it falls within the period already adjudicated, and was submitted and considered in connection with the prior decision" (Tr. 41). This was error. "An ALJ must consider all medical opinions provided in the record." *Keeton*, 583 F. App'x at 525 (citing 20 C.F.R. § 404.1527(c)). Dr. Ataya's report predates the disability onset date by just two months. This gap in time is so short that the report is clearly relevant to the issue of plaintiff's medical condition during the period from August 22, 2012, onward. On remand, the ALJ must consider Dr. Ataya's report and, in addition, obtain an updated report from Dr. Ataya with his opinion regarding plaintiff's ability to sit, stand, and walk during an eight-hour work day; the nature and extent of the side effects of his medications; the frequency with which plaintiff must use the bathroom during an eight-hour work day; plaintiff's need, if any, to use a walker; and plaintiff's need, if any, to lie down and/or nap during the day.

Finally, on remand the ALJ must reassess plaintiff's credibility. The ALJ found that plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely credible" (Tr. 37). In the following narrative, the ALJ noted that Dr. Ataya found plaintiff to be "in no acute distress" on three occasions (apparently referencing Tr. 512, 569, and

566).  However, the ALJ neglected to mention that on several other occasions Dr. Ataya found plaintiff to be "in agony" (Tr. 434, 439, 442, 443, 445, 518,  521, 524, 527, 530, 532),  "frail, elderly, fatigued, . . . in pain" (Tr. 449), and "in pain" (Tr. 557, 564).  The ALJ also seemed to discount plaintiff's credibility because plaintiff has not received "treatment from a specialist" and has not been hospitalized (Tr. 40), although plaintiff testified that he has no medical insurance (Tr. 64, 66-67, 83).  Nor, in weighing plaintiff's credibility, did the ALJ appear to consider plaintiff's consistent work history until 2010 (Tr. 328) or the fact that he sees his physician regularly and receives many prescription medications.  On remand, the ALJ must consider all of the relevant evidence in evaluating plaintiff's credibility.

For these reasons, the Court concludes that the ALJ's decision in this matter is not supported by substantial evidence and that the record has not been adequately developed.  Remanding the matter for an award of benefits would not be appropriate at this time because the record, in its current state, is not such that "proof of disability is overwhelming or . . . proof of disability is strong and evidence to the contrary is lacking."  *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).  Rather, the matter must be remanded so that the record may be further developed to cure the deficiencies noted above.  Accordingly,

IT IS ORDERED that Magistrate Judge Binder's R&R is rejected.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is denied.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is granted and this matter is remanded for further proceedings as specified above. This is a sentence four remand under § 405(g).


Dated: September 24, 2015          _s/ Bernard A. Friedman_____
      Detroit, Michigan          BERNARD A. FRIEDMAN
                                               SENIOR UNITED STATES DISTRICT JUDGE